UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE DOMINO'S PIZZA INC.

THIS DOCUMENT RELATES TO:

MARCELO DE LOS SANTOS, ET AL.,

             Plaintiffs,

             -against-

HAT TRICK PIZZA, INC., ET AL.,

             Defendants.

Master File: 16-cv-2492 (AJN)

**REPLY MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS'
MEMORANDUM OF LAW IN OPPOSITION TO THE COOKSTON DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Robin B. Kallor
Cindy M. Cieslak
FordHarrison, LLP
750 Main Street, Suite 606
Hartford, CT 06103
(860) 748-4660

Eric Su
FordHarrison, LLP
60 East 42nd Street, 51st Floor
New York, NY  10165
(212) 453-5900

Attorneys for Defendants: *Hat Trick Pizza, Inc.; Cookston Enterprises, Inc.; Mumbah Style Pizza, Inc.; Sestwon Pizza, LLC; 117 Mineola Ave., LLC; 1872 Bellmore Ave., LLC; 1017 Jericho Tpke, LLC; 3489 Riverhead Pizza, LLC; 3469 Mastic Pizza, LLC; 3683 Washington Heights Pizza, LLC; 3456 Hamilton Heights Pizza, LLC; 3342 New Windsor Pizza, LLC; 3361 Monroe Pizza, LLC; 3352 Mount Kisco Pizza, LLC; 3441 Ossining Pizza, LLC; 3488 Cortlandt Manor Pizza, LLC; 3616 West Village Pizza, LLC; 3694 Lower East Side Pizza, LLC; 3551 Yonkers Pizza, LLC; Team Stamford, LLC; AAR, LLC; Lucky 13, Inc.; AC Pizza, Inc.; Rolling In The Dough, LLC; and Robert Cookston*, referred to collectively as the "Cookston Defendants."

## TABLE OF CONTENTS

Page

I.   PRELIMINARY STATEMENT ................................................................................. 1

II.  PLAINTIFFS' CLAIMS AGAINST THE REMAINING COOKSTON

DEFENDANTS MUST FAIL. ....................................................................................... 2

III. PLAINTIFFS HAVE NOT PLEADED SUFFICIENT FACTS RELATED TO

COUNTS TWO AND THREE OF THE AMENDED COMPLAINT AND

PLAINTIFFS' CLAIMS ARE PREEMPTED BY THE FLSA. .................................... 5

    A.   Defendants' Mandatory Delivery Charge is Not a

    Gratuity……………………………………………………………………5

    B.   Plaintiffs' Claims Under NYLL § 196-d Are Preempted by the

    FLSA………………………………………………………………………...6

IV.  PLAINTIFFS DO NOT PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM

FOR FAILURE TO PROVIDE DETAILED PAYSTUBS UNDER NYLL § 195.. ...... 7

V.   PLAINTIFFS' CLAIM FOR UNIFORM MAINTENANCE PAY MUST FAIL. ........ 8

VI.  PLAINTIFFS' BREACH OF CONTRACT CLAIM MUST FAIL……………………8

VII. COUNT THIRTEEN FAILS TO STATE A VALID CLAIM…………………………9

VIII. COUNT FOURTEEN FAILS TO STATE A VALID CLAIM………………………10

IX. CONCLUSION. ........................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Bravo v. Eastpoint Int'l, Inc.*,
  No. 99 Civ. 9474 (WK), 2001 U.S. Dist. LEXIS 3647 (S.D.N.Y. Mar. 30, 2001) ................... 4

*Bravo v. Established Burger One LLC*,
  2013 U.S. Dist. LEXIS 146237 (S.D.N.Y. Oct. 8, 2013)………………………………………5

*Carter v. Dutchess Cmty. Coll.*,
  735 F.2d 8 (2d Cir. 1984)…………………………………………………………………………3

*Clinton's Ditch Cooperative Co. v. NLRB*,
  778 F.2d 132 (2d Cir. 1985)................................................................................................ 2

*Daniel v. Long Island Hous. P'ship, Inc.*,
  No. 08-CV-01455 JFB/WDW, 2009 U.S. Dist. LEXIS 20251 (E.D.N.Y. Mar. 13, 2009) ........ 9

*Jemzura v. Jemzura*,
  36 N.Y.2d 496 (1975) ........................................................................................................ 8

*K.D. v. White Plains Sch. Dist.*,
  921 F. Supp. 2d 197 (S.D.N.Y. 2013)............................................................................ 3, 10

*Leon v. Tapas & Tintos, Inc.*,
  51 F.Supp.3d 1290 (S.D. Fla. 2014) ................................................................................ 10

*Murray v. Miner*,
  74 F.3d 402 (2d Cir. 1996)................................................................................................. 2

*Sherman v. HarperCollins Publishers, Inc.*,
  No. 98 CIV. 2809 (AJP)MBM, 1998 WL 437158 (S.D.N.Y. July 31, 1998) .......................... 9

*Velez v. Vassallo*,
  203 F. Supp. 2d 312, 330 (S.D.N.Y. 2002)......................................................................... 5

## STATUTES

N.Y.L.L. § 195 ........................................................................................................... 7, 8

N.Y.L.L. § 196-d ................................................................................................... 5, 6, 7

N.Y. Bus. Law § 349 .................................................................................................... 10

26 U.S.C. § 7434............................................................................................................ 9

**REGULATIONS**

29 C.F.R. § 531.55(a)............................................................................................................... 6

12 NYCRR § 146-2 ................................................................................................................. 5

## I.   **PRELIMINARY STATEMENT**

The Cookston Defendants respectfully submit this reply memorandum of law in connection with their motion to dismiss Counts One, Two, Three, Eight, Ten, Eleven, Twelve, Thirteen and Fourteen of the Amended Complaint, as well as any purported claim for meal breaks, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. The Cookston Defendants also seek dismissal as to all claims pled against the Cookston entities other than Hat Trick Pizza, Inc. and Robert Cookston (i.e. Cookston Enterprises, Inc.; Mumbah Style Pizza, Inc.; Sestwon Pizza, LLC; 117 Mineola Ave., LLC; 1872 Bellmore Ave., LLC; 1017 Jericho Tpke, LLC; 3489 Riverhead Pizza, LLC; 3469 Mastic Pizza, LLC; 3683 Washington Heights Pizza, LLC; 3456 Hamilton Heights Pizza, LLC; 3342 New Windsor Pizza, LLC; 3361 Monroe Pizza, LLC; 3352 Mount Kisco Pizza, LLC; 3441 Ossining Pizza, LLC; 3488 Cortlandt Manor Pizza, LLC; 3616 West Village Pizza, LLC; 3694 Lower East Side Pizza, LLC; 3551 Yonkers Pizza, LLC; Team Stamford, LLC; AAR, LLC; Lucky 13, Inc.; AC Pizza, Inc.; and Rolling In The Dough, LLC ("the Remaining Cookston Defendants")).

In their opposition, Plaintiffs assert a single integrated enterprise theory, and they also assert, largely without legal support, that Plaintiffs pleaded sufficient facts related to Counts Two, Three, Ten, Eleven, Twelve, Thirteen and Fourteen.[1] However, as more fully set forth below, both the Amended Complaint and Plaintiffs' opposition do not pass muster. Accordingly, the Cookston Defendants request that their motion to dismiss be granted in its entirety.

---

[1] Plaintiffs do not oppose the Cookston Defendants' motion with respect to Counts One and Eight, as well as the purported claim for meal breaks. Accordingly, those claims should be dismissed outright.

## II.   PLAINTIFFS' CLAIMS AGAINST THE REMAINING COOKSTON DEFENDANTS MUST FAIL.

In response to the Cookston Defendants' motion to dismiss the Remaining Cookston Defendants for failure to state a claim, the Plaintiffs argue that "all Cookston Defendants operate as a single integrated enterprise."  (Pls.' Opp., p. 3).

> A "single employer" situation exists "where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact only a 'single employer.'" The single employer standard is relevant when "separate corporations are not what they appear to be, that in truth they are but divisions or departments of a 'single enterprise.'"

*Clinton's Ditch Cooperative Co. v. NLRB*, 778 F.2d 132, 137 (2d Cir. 1985), *cert. denied*, 479 U.S. 814 (internal citations omitted). An analysis under the single integrated enterprise theory requires the consideration of four factors: "(1) interrelated operations, (2) common management, (3) centralized control of labor relations, and (4) common ownership." *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996).

However, Plaintiffs' allegations concerning a single integrated enterprise theory are entirely conclusory.  Specifically, Plaintiffs rely upon the following allegations:

- Corporate Defendants owned/ operated by ROBERT COOKSTON that do business as Domino's Pizza is an enterprise engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Corporate Defendants owned/operated by ROBERT COOKSTON produces, purchases and handles goods moved in interstate commerce."  (Am. Compl., ¶ 39).

- At all relevant times herein, Domino's Pizza owned and operated by ROBERT COOKSTON was, and continues to be, a single and joint employer and has had a high degree of interrelated and unified operation, and share common management, centralized control of labor relations, common ownership, common control, common website, common business purposes and interrelated business goals. (Am. Compl., ¶ 40).

- For instance, Domino's Pizza owned by ROBERT COOKSTON had the power to reassign and did reassign Domino's Pizza employees like RIAD KUCHER among the Domino's Pizza stores. (Am. Compl., ¶ 41).

2

- Additionally, ROBERT COOKSTON was actively involved in the sales of each store, which includes the percentage of overtime assigned to deliverymen, and the delivery fee charged to Domino's Pizza client[s] but not passed on to Domino's Pizza clients. (Am. Compl., ¶ 42).

- The Individual Defendant is an officer, director, manager and/or majority shareholder or owner of the Corporate Defendants…is individually responsible for unpaid wages under the New York Business Corporation Law. (Am. Compl., ¶ 45).

- As the owner [sic] of the Owner/ Operator Defendant ROBERT COOKSTON (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment of employees, and (4) maintained employee records. (Am. Compl., ¶ 46).[2]

- ROBERT COOKSTON acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as NYLL, N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with HAT TRICK PIZZA, INC. [and the Remaining Cookston Defendants]. (Am. Compl., ¶ 47).

Plaintiffs' theory appears to be premised primarily upon common ownership by Defendant Cookston. Yet, Plaintiffs do not allege more with any specificity as to how the Remaining Cookston Defendants are mere divisions or departments of a single enterprise. Rather, with respect to interrelation of operations, Plaintiffs urge the court to rely on extrinsic evidence including the Domino's menu and décor.   (Pls.' Opp., pp. 4-5).   Furthermore, with respect to common management, the Plaintiffs refer the Court to the New York State Business Entity Search Results. (Pls.' Opp., p. 5).  Such allegations raised for the first time in an opposition to a motion to dismiss are not to be accepted as true.  *K.D. v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 (S.D.N.Y. 2013) ("Plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss.") (internal citations omitted). These allegations are

---

[2] This is a bare recitation of the elements of a "joint employer" theory.  *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984).

not included in the Amended Complaint and therefore are not relevant to the instant motion to dismiss.[3] Furthermore, it is undisputed that the Cookston Defendants operate individual stores of the Domino's franchise, which explains the basis for the utilizing the same menu, website, interior decor and uniforms, separate and apart from any theory of a single integrated enterprise, interrelation of operations and/or common management.

Finally, with respect to centralized control of labor relations, Plaintiffs rely on their allegations relating to Robert Cookston, and in fact, Plaintiffs only provide a rote recitation of the elements of joint employer.  *See infra* n. 2. Plaintiffs do not, and cannot in good faith, allege that the *Remaining Cookston Defendants* exerted any control over them, such as the power to hire and fire Plaintiffs, supervise and control Plaintiffs' work schedules or conditions of employment, determine the rate and method of payment of Plaintiffs' wages, or maintain Plaintiffs' records.   It is undisputed that Plaintiffs worked solely for Hat Trick Pizza, Inc.  (Am. Compl., ¶¶ 7-10).

Indeed, in *Bravo v. Eastpoint Int'l, Inc.*, No. 99 Civ. 9474 (WK), 2001 U.S. Dist. LEXIS 3647, *5-6 (S.D.N.Y. Mar. 30, 2001), the court dismissed claims against related defendant entities when the complaint did not sufficiently allege that they had the power to control the plaintiffs' employment, reasoning that the "[p]laintiffs name multiple Donna Karan related entities as defendants and then lump them together as one in the allegations contained in the amended complaint. It is undisputed that most of the named Donna Karan defendants never had any contact with the Eastpoint Defendants and their factory." *Id.* Likewise, it is undisputed here that the Remaining Cookston Defendants never had any contact or control over the Plaintiffs' work.

---

[3] Additionally, Plaintiffs have blatantly misrepresented to the Court that a search of each of the Cookston Defendants on the New York State Business Entity Search identifies Robert Cookston as its Chief Executive Officer.  While this is true with respect to the Hat Trick Pizza, Inc., it is not accurate with respect to all Cookston Defendants.

4

Plaintiffs rely on *Bravo v. Established Burger One LLC*, No. 12 Civ. 9044 (CM), 2013 U.S. Dist. LEXIS 146237, at *6, 20-24 (S.D.N.Y. Oct. 8, 2013), wherein the Plaintiffs worked at different locations among them, but were paid from a central office and had observed schedules in multiple locations set by an individual defendant, who also hired and fired employees, distributed their checks, and dealt with employee complaints. The instant case is distinguishable because all Plaintiffs worked at a single location—Hat Trick Pizza, Inc.

While the "single integrated enterprise" theory can be used to establish liability, there is no basis in this case for proceeding against the remaining Cookston Defendants which had no relationship with Plaintiffs' employment, given Hat Trick Pizza, Inc.'s concession that it has earned at least $500,000.00 in gross revenue during the relevant time period. *See Velez v. Vassallo*, 203 F. Supp. 2d 312, 330 (S.D.N.Y. 2002).[4]

For all of the reasons initially set forth in the Cookston Defendants' motion to dismiss, and now herein, Plaintiffs have failed to allege sufficient facts to state valid claims against the remaining Cookston Defendants, and accordingly, they should be dismissed from this action.

### III.   PLAINTIFFS DO NOT PLEAD SUFFICIENT FACTS RELATED TO COUNTS TWO AND THREE OF THE AMENDED COMPLAINT AND PLAINTIFFS' CLAIMS ARE PREEMPTED BY THE FLSA.

Plaintiffs' contentions concerning the validity of their claims arising under NYLL § 196-d and 12 NYCRR § 146-2, while largely incomprehensible, are nonetheless specious.

#### 1.   Defendants' Mandatory Delivery Charge is Not a Gratuity.

Plaintiffs argue that Defendants' "mandatory delivery charge" is essentially a "gratuity," as that term is construed under New York law.  Aside from the invalidity of the New York law, as discussed more fully below, Plaintiffs' Complaint makes clear that Defendants advise customers

---

[4] *See also* Declaration of Cindy M. Cieslak, ¶ 5, previously attached to the Cookston Defendants' motion to dismiss.

on their website that "no portion of the delivery fee is shared with the deliverymen."  Moreover, Plaintiffs do not allege in their Complaint that Defendants in any way led customers to believe the delivery charge was anything other than a mandatory fee.

    2.    **Plaintiffs' Claims Under NYLL § 196-d Are Preempted by the FLSA.**

As demonstrated in Defendants' initial brief in support of their motion, NYLL § 196-d is preempted based on both constitutional field and conflict preemption principles.  Plaintiffs' arguments wholly fail to address these facts, but instead they simply consist of conclusory statements that cannot withstand even minimal scrutiny.

Interestingly, Plaintiffs' recitation of the law, to the extent they reference the law at all, supports Defendants' position.  Specifically, as noted by Plaintiffs, the FLSA's "Savings Clause applies <u>only</u> to the laws that establish either a higher minimum wage or a lower maximum workweek."  (Pls.' Opp, p. 6; emphasis added).  Because NYLL § 196-d and its implementing regulations do not address either of these considerations, and it conflicts with the FLSA's regulatory framework, it necessarily must yield to federal law.

Further, Plaintiffs inexplicably contend that the FLSA's regulatory framework provides "narrow circumstances under which 'a compulsory charge for service . . . imposed on a customer by an employer's establishment' … can be distributed to employees." (Pl. Opp., p. 7.)  For this dubious proposition Plaintiffs cite 29 C.F.R § 531.55(a).  (Pls.' Opp., p. 6).  Contrary to Plaintiffs' argument, 29 C.F.R. § 531.55(a), in relevant part, makes clear that such mandatory charges, such as at issue here, are <u>not</u> tips (i.e., gratuities) under federal law, providing the following "examples of amounts not received as tips:" "a compulsory charge for service, such as 15 percent of the amount of the bill, imposed on a customer by an employer's establishment, is not a tip and, even if distributed by the employer to its employees, cannot be counted as a tip received in applying the provisions of section 3(m) and 3(t)."  29 C.F.R. § 531.55(a).  Plaintiffs' confused argument that

because the NYLL provides "stricter" substantive rights, the NYLL saves it from preemption by the FLSA is without foundation.  As noted above, and in Plaintiffs' papers, the FLSA's Saving Clause "saves" from preemption <u>only</u> those provisions of state law that provide for "a higher minimum wage or a lower maximum workweek" and not those provisions of state law that actually conflict with FLSA regulations.

Defendants submit that the FLSA's Savings Clause does <u>not</u> save state laws that determine the ownership of property, which NYLL § 196-d emphatically does in a manner contradictory to that established comprehensively by federal law.  Under federal law, a mandatory service charge is the property of the employer.  The law of New York cannot classify it otherwise. Accordingly, Counts Two and Three must be dismissed.

## IV.   PLAINTIFFS DO NOT PLEAD SUFFICIENT FACTS TO SUPPORT A CLAIM FOR FAILURE TO PROVIDE DETAILED PAYSTUBS UNDER NYLL § 195.

In their opposition, Plaintiffs conflate the requirements of NYLL § 195 as they relate to wage notices and wage statements (i.e. paystubs). To be clear, the Cookston Defendants have moved to dismiss Count Ten, which alleges a violation of paystub requirements under NYLL § 195(3).  Conversely, Count Nine alleges a violation of the time of hire wage notice requirement, and the Cookston Defendants have not at this time moved to dismiss Count Nine.[5]  However, in opposition to the Cookston Defendants' motion to dismiss Count Ten, Plaintiffs argue that "Defendants never provided plaintiffs with full and accurate written notice, in English and in their primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1)." (Pls.' Opp., p. 8).  Plaintiffs make no argument with respect to the subject of Count Ten—wage statements.

In Count Ten, Plaintiffs have only alleged <u>in conclusory fashion</u> that the "Defendants have

---

[5] The Cookston Defendants reserve the right to file a dispositive motion on this issue at a later date.

failed to make a good faith effort to comply with the [NYLL] with respect to compensation of each Plaintiff, and did not provide full and accurate paystub[s] on or after each Plaintiffs' payday." (Am. Compl., ¶ 286). However, this single allegation is insufficient because it does not provide any detail or specific information to support Plaintiffs' claim, such as how the Defendants violated NYLL § 195 and which information required by NYLL § 195 is not included in the paystubs received by the Plaintiffs. While the Court is required to accept all well-pleaded facts, it is not required to accept conclusory statements without supporting factual allegations. Accordingly, the Court must dismiss Count Ten of Plaintiffs' Amended Complaint.

## V. PLAINTIFFS CLAIM FOR UNIFORM MAINTENANCE PAY MUST FAIL.

Plaintiffs argue, without citation to any legal authority, that they should be allowed to proceed with Count Eleven on the ground that they "added a claim based on factual allegations that were already in the original Complaint." (Pls.' Op., p. 8). However, Plaintiffs have not offered a valid reason for their delay nor did they obtain leave from the Court to add such claim. Therefore, it remains that, for all of the reasons set forth in the Cookston Defendants' motion to dismiss, and now incorporated as if fully set forth herein, the Plaintiffs' untimely amendment was made beyond the bounds of the Federal Rules of Civil Procedure, and it must be dismissed.

## VI. PLAINTIFFS' BREACH OF CONTRACT CLAIM MUST FAIL.

In their opposition, Plaintiffs argue that they have alleged sufficient facts by pointing to an alleged implied contract for reimbursement of vehicle expenses. (Pls.' Opp., p. 8). In support of this concept, Plaintiffs inexplicably cite to the New York State Court of Appeals decision in *Jemzura* which involves a foreclosure action on a mortgage assigned by a co-tenant. *Jemzura v. Jemzura*, 36 N.Y.2d 496 (1975). While the case does include the cited language related to implied contracts (within the context of an implied agreement by the plaintiff to pay taxes), the case is

inapplicable to the instant litigation.  Plaintiffs' unclear assertion that "Defendants required, by their course of conduct, intended for Plaintiffs to bear the expense of the vehicle costs that they incurred for Defendants' benefit," (Pls.' Opp., p. 8), fails to establish a breach of contract claim where Plaintiffs were (or are) at-will employees.  *See Daniel v. Long Island Hous. P'ship, Inc.*, No. 08-CV-01455 JFB/WDW, 2009 U.S. Dist. LEXIS 20251, at *32 (E.D.N.Y. Mar. 13, 2009) ("As a general matter under New York law, a failure by an employer to follow its internal policies cannot form the basis of a breach of contract claim."); *Sherman v. HarperCollins Publishers, Inc.*, No. 98 CIV. 2809 (AJP)MBM, 1998 U.S. Dist. LEXIS 11880, at *10 (S.D.N.Y. July 31, 1998) (noting that, because the plaintiff was an employee-at-will, defendant could change or "simply not follow[]" its internal policies).  Plaintiffs do not allege otherwise.[6]  Thus, there is no recognizable claim for breach of implied contract and this Court should dismiss Count Twelve.

## VII.  <u>COUNT THIRTEEN FAILS TO STATE A VALID CLAIM.</u>

Plaintiffs unsuccessfully attempt to argue around the pleading standard of Fed. R. of Civ. P. 12(b)(6) by pointing to the FLSA and the NYLL as requiring employers to maintain wage records, among other types of information.  (Pl. Opp., p. 9).  While Plaintiffs take care to cite, at length, the implementing regulations of both statutes, as well as case law stating the legislative history of the statutes, what Plaintiffs fail to include is a single fact related to a violation of the Internal Revenue Code (the law in which Count Thirteen is based).  (Pl. Opp., pp. 9-10).  Such a failure is fatal to any claim brought pursuant to 26 U.S.C. § 7434.  Plaintiffs' remedies for claims relating to recordkeeping violations lie with the federal and state wage and hour legislation. Finally, although Plaintiffs' new and unsupported claims of cash payments (wholly absent from

---

[6] Plaintiffs somewhat confusingly state that Plaintiffs' claims "at the very least, raise a question of fact as to whether or not an implied contract existed."  (Pls.' Opp., p. 8).  Such a statement ignores the law which exists to answer this question in the negative.

Plaintiffs lengthy 52-page _Amended_ Complaint[7], (Pl. Opp., p. 10), do not allow Plaintiffs to meet the 12(b)(6) pleading standard, they should not be accepted as true.  _K.D. v. White Plains Sch. Dist._, 921 F. Supp. 2d at 209 ("Plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss.") (internal citations omitted). Plaintiffs' assertion that it is "highly unlikely" that the Cookston Defendants accurately reported information on federal and state tax returns fails to allege any facts from which an inference can be drawn that the Cookston Defendants "intentionally" or "willfully" issued fraudulent tax information, as is required at the motion to dismiss stage.  (Pl. Opp., p. 10); _see e.g., Leon v. Tapas & Tintos, Inc._, 51 F.Supp.3d 1290, 1298 (S.D. Fla. 2014) (collecting cases regarding the pleading requirement of "intentional wrongdoing.").  As a result, the Cookston Defendants respectfully request Count Thirteen of the Amended Complaint be dismissed.

**VIII.**     **COUNT FOURTEEN FAILS TO STATE A VALID CLAIM.**

Although the title of Plaintiffs' Section E purports to oppose the Cookston Defendants' motion to dismiss as it relates to Count Fourteen, Section E did not address Count Fourteen.  It remains that Plaintiffs' allegations do not satisfy the elements of a claim under N.Y. Bus. Law § 349.  (Pls.' Opp., p. 9).  For all of the reasons set forth in the Cookston Defendants' motion to dismiss, and now incorporated as if fully set forth herein, Count Fourteen must be dismissed.

**IX.**     **CONCLUSION**

For the reasons set forth above and in their motion to dismiss, the Cookston Defendants respectfully request that the Court grant their motion to dismiss in its entirety, along with such other relief as the Court deems just and proper.

---

[7] Within the Amended Complaint, Plaintiffs make only two references to the general prohibition against employers charging their "employees a gratuities service fee charge which exceed the costs of converting credit card gratuities into cash."  (Compl. ¶¶ 240, 246.)

Dated:  Hartford, Connecticut
July 10, 2017

Respectfully submitted,

FORDHARRISON LLP

*Attorneys for the Cookston Defendants*
750 Main Street
Suite 606
Hartford, CT  06103
860-748-4660

60 East 42nd Street
51st Floor
New York, NY  10165
212-453-5900

By: /s/ *Cindy M. Cieslak*

   Robin B. Kallor (Rk-6719)
   Eric Su (Es-0626)
   Cindy M. Cieslak (Cc-0234)

11

**<u>CERTIFICATION OF SERVICE</u>**

This is to certify that on this 10th day of July, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

John Troy, Esq.
Kibum Byun, Esq.
Troy & Associates, PLLC
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
(718) 762-1342
JohnTroy@TroyPllc.com
Attorneys for *De Los Santos* Plaintiffs

Joseph A. Piesco, Esq.
Norman M. Leon. Esq.
Eric J. Wallach, Esq.
Garrett David Kennedy, Esq.
DLA Piper, LLP
1251 Avenue of the Americas
27th Floor
New York, New York 10020
Attorneys for the Franchisor Defendants

_/s/ *Cindy M. Cieslak*_____
Cindy M. Cieslak

WSACTIVELLP:9243341.1

12