UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/13/21

Marcelo De Los Santos, *et al.*,

            Plaintiffs,

—v—

Hat Trick Pizza, Inc., *et al.*,

            Defendants.

16-cv-6274 (AJN)

MEMORANDUM OPINION & ORDER

ALISON J. NATHAN, District Judge:

    In 2016, Plaintiffs filed a complaint, which they have since amended, alleging, *inter alia*, violations of the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL). *See* Dkt. Nos. 1, 106. After extensive litigation in this and related cases, the parties in this case reached a settlement as to the remaining claims and submitted a proposed settlement agreement, accompanied by a letter explaining their views on the fairness of the settlement, for the Court's approval. *See* Dkt. Nos. 175, 183. The agreement provides for a total settlement amount of $45,000.00, including attorney's fees and costs. Plaintiffs' counsel seeks fees and costs in the amount of $15,424.27. For the following reasons, the Court approves the settlement agreement.

    I.    **LEGAL STANDARD**

    In order to serve FLSA's purpose of ensuring "a fair day's pay for a fair day's work," settlements in FLSA cases must be approved by a court or by the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). A plaintiff's FLSA claims therefore cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). A "fair and reasonable" settlement

1

is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-cv-7002 (KMW), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

## II. DISCUSSION

The Court finds that the total settlement amount is reasonable. To start, the total settlement amount is presumptively reasonable. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). According to their allegations and damages calculations, Plaintiffs are owed $174,344.26[1] for violations of the NYLL, a sum that includes unpaid minimum wage and overtime compensation, liquidated damages, statutory damages for notice violations, and prejudgment interest. *See* Dkt. No. 183 at 3–4; Dkt. No. 183-2. However, Defendants fully deny Plaintiffs' allegations and argue that, in any event, Plaintiffs are not entitled to any liquidated damages because Defendants acted in good faith and without knowledge or malice. *See* Dkt. No. 183 at 4–5. In light of the genuine dispute among the parties regarding the extent of Defendants' liability, a settlement of $45,000, including fees, is reasonable. *See Kopera v. Home Depot U.S.A., Inc.*, No. 09-cv-8337 (WHP), 2011 WL 13272403, at *1 (S.D.N.Y. June 24, 2011) ("A district court may approve a FLSA settlement between private litigants when the settlement is reached as a result of contested litigation to resolve bona fide disputes." (internal quotation marks omitted)); *McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08-cv-8713 (PGG),

---

[1] While Plaintiffs' damages calculation provides $168,958.83 as the total figure for NYLL damages, *see generally* Dkt. No. 183-2 (adding together the figures in the yellow NYLL damages lines from each plaintiff's damages calculation), this lower figure appears to be the product of an error in calculating liquidated damages for Plaintiff Marcelo De Los Santos, *see* Dkt. No. 183-2 at 1–2. However, the Court also notes that the NYLL damages calculations for two of the four Plaintiffs include damages for unreimbursed delivery vehicle fees, which appear to be related not to their NYLL claims but instead to their claims for breach of implied contract. *See* Dkt. No. 183-2 at 4 (Mayoral-Climico), 8 (Yamba); *see also* Dkt. No. 106 at 47–48. Subtracting these amounts results in total NYLL damages of $148,595.56. While the Court ultimately approves the settlement, Plaintiffs' counsel is admonished to ensure the accuracy of all damages calculations before submitting them to the Court.

2010 WL 2399328, at *6 (S.D.N.Y. Mar. 3, 2010) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved."). Indeed, courts in this District regularly recognize settlement recoveries in this range as reasonable. *See, e.g., Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximate 25% of maximum recovery).

The Court next turns to fees and costs. In total, Plaintiffs' counsel seeks one-third of the settlement amount less costs, or $14,787.87. Courts in this District at times award one third of a settlement fund as a reasonable fee in FLSA cases. *See Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases).

Nonetheless, even when the proposed fees do not exceed one third of the total settlement amount, courts typically use the lodestar method as a cross check to ensure the reasonableness of attorney's fees. *See Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (encouraging the practice of using the lodestar method as a "'cross check' on the reasonableness of the requested percentage"). The lodestar amount is the presumptively reasonable fee—"the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State Street Bank & Trust Co.*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (internal quotation marks omitted) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiffs assert that the lodestar amount is $70,004.33, an amount substantially greater than the fee that they request ($14,787.87). *See* Dkt. No. 183-3 at 8. The Court disagrees. Troy Law's billing records reflect that it is seeking fees on behalf of John Troy, George Byun, William Lou, Aaron Schweitzer, and Tiffany Troy. *See generally* Dkt. No. 183-3. John Troy

bills at an hourly rate of $550, Byun at an hourly rate of $350,[2] Lou at an hourly rate of $200, Schweitzer at an hourly rate of $350, and Tiffany Troy at an hourly rate of $150.  *Id.*  As this Court and another court in this District recently concluded, these individuals are "not entitled to compensation at the hourly rates they propose[d]," which were the same or higher than those proposed here.  *See Lin v. La Vie En Schezuan Restaurant Corp.*, No. 15-cv-09507 (DF), 2020 WL 1819941, at *3–*7 (S.D.N.Y. Apr. 9, 2020); *see also Lin v. Ginza 685 Inc*, No. 18-cv-12202 (AJN), 2021 WL 2138511, at *2 (S.D.N.Y. May 26, 2021).  The Court agrees for the reasons stated in *La Vie En Schezuan* and *Ginza 685* and reduces the proposed hourly rates to $400 for John Troy, $160 for Byun, $80 for Lou, $150 for Schweitzer, and $50 for Tiffany Troy.  *See La Vie En Schezuan Restaurant Corp.*, 2020 WL 1819941, at *3–7 (identifying $300–400 as a reasonable hourly rate for John Troy; $150–200 as a reasonable hourly rate for Byun; around $80 as a reasonable hourly rate for Lou; $100–150 as a reasonable hourly rate for Schweitzer; and $50 as a reasonable hourly rate for Tiffany Troy); *see also Ginza 685 Inc*, 2021 WL 2138511, at *2.  However, the Court finds the total number of attorney hours expended in this matter— roughly 155—to be a "reasonable number of hours required by the case" given that this case was extensively litigated for nearly three years prior to settling.  *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

    Though calculating the lodestar using the reasonable hourly rates identified above produces a true lodestar amount that is significantly lower than that offered by Plaintiffs, the Court will not disturb their calculation of attorney's fees because the true lodestar amount is nonetheless still greater than the fee award contained in the settlement agreement.  *See, e.g.*, *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y.

---

[2] Byun bills at this rate for all but his first time entry.  His first time entry is billed at an hourly rate of $250.  *See* Dkt. No. 183-3 at 2.

Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees.").

As to costs, Plaintiffs' counsel seeks $636.40, which was incurred for filing and service. Dkt. No. 183-3 at 8.[3] The Court finds these costs reasonable, *see Collado v. Donnycarney Rest. L.L.C.*, No. 14-cv-3899 (GBD), 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (collecting cases), and therefore grants this request.

### III.   CONCLUSION

For the reasons stated above, the Court approves the settlement agreement in full. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: September 13, 2021
New York, New York

ALISON J. NATHAN
United States District Judge

---

[3] While the invoice provided does not identify the source of $.40 of these costs, the failure to do so for this de minimis amount does not alter the Court's view as to the reasonableness of the costs Plaintiffs' counsel requests. *See* Dkt. No. 183-3 at 8.